**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT CLARENCE BRAMLETT

    Petitioner-Appellant,

v.

JUSTIN JONES, Director; DREW
EDMONDSON, Attorney General

    Respondents-Appellees.

No. 07-6188

(D.C. No. CV-07-430-C)
(W. D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

Robert Bramlett, an Oklahoma state prisoner appearing pro se, seeks a certificate

of appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. §

2254 application for federal habeas relief. Because Bramlett has failed to satisfy the

standards for the issuance of a COA, we deny his request and dismiss the matter.

I.

On June 27, 2000, Bramlett pleaded guilty to five counts of first degree rape, four

counts of forcible sodomy, five counts of committing indecent or lewd acts with a child

under the age of sixteen, one count of possessing child pornography, and one count of

_____

[*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

first degree rape by instrumentation. Bramlett was sentenced to forty years' imprisonment in connection with those convictions. Bramlett did not file a direct appeal.

On August 28, 2006, Bramlett filed an application for post-conviction relief with the state trial court arguing that his sentence had been improperly enhanced on the basis of two prior felony convictions for which he had received suspended sentences. The state trial court denied Bramlett's application on December 18, 2006. Bramlett appealed to the Oklahoma Court of Criminal Appeals, which affirmed the denial of post-conviction relief on March 16, 2007.

On April 13, 2007, Bramlett filed a federal habeas petition pursuant to 28 U.S.C. § 2254 asserting the same argument that he raised in his application for post-conviction relief. Respondent moved to dismiss the petition as untimely filed. On June 27, 2007, the magistrate judge assigned to the case issued a report and recommendation recommending that respondent's motion be granted. In doing so, the magistrate judge concluded that Bramlett's conviction became final on August 6, 2000, and that, under the terms of 28 U.S.C. § 2244(d)(1), he had one year thereafter, or until August 6, 2001, in which to file a federal habeas petition challenging his state convictions or sentence. Because Bramlett's habeas petition filed April 13, 2007, was filed well beyond this date, and because there was no basis for tolling the one-year limitations period, the magistrate judge concluded that Bramlett's petition was untimely filed. On July 31, 2007, the district court adopted the magistrate judge's recommendation and dismissed Bramlett's petition as untimely. The district court subsequently denied Bramlett a COA.

2

Bramlett has now renewed his request for a COA with this court. Bramlett has also filed a motion to proceed in forma pauperis on appeal.

II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

After reviewing the record on appeal, we conclude that Bramlett is unable to make the requisite showing for the issuance of a COA. In particular, we fully agree with the magistrate judge and the district court that Bramlett's federal habeas petition was untimely filed, and we conclude that no reasonable jurist could find it debatable whether

3

the district court was correct in its procedural ruling.

The motion for leave to proceed on appeal in forma pauperis and the request for a COA are DENIED and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge